IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **ADAM CHASTEEN 566-894,** | : | CASE NO. 1:09CV413 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Beckwith |
| v. | : | |
| | : | Magistrate Judge Black |
| **WANZA JACKSON, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT JACKSON'S MOTION TO DISMISS

Defendant Wanza Jackson, through counsel, moves the court for an order granting her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because the complaint fails to state a claim against her on which relief may be granted. The reasons are stated with more particularity in the attached Memorandum.

        Respectfully submitted,

        RICHARD CORDRAY
        Attorney General of Ohio

        <u>s/MARY ANNE REESE</u>
        MARY ANNE REESE (0044029)
        Assistant Attorney General
        Criminal Justice Section
        1600 Carew Tower
        441 Vine Street
        Cincinnati, Ohio 45202
        (513) 852-3497
        (513) 852-3484 Fax
        Email:
        mary.anne.reese@ohioattorneygeneral.gov

        Trial Attorney for Defendants

**MEMORANDUM**

**I.   Facts**

Plaintiff is an inmate currently incarcerated for kidnapping and victim/witness intimidation at Mansfield Correctional Institution.  He has brought suit under 42 U.S.C. §1983 for an Eighth Amendment violation related to failure to protect him and provide medical care while he was incarcerated at Warren Correctional Institution ("WCI") in Lebanon, Ohio.  To date, the only Defendant properly served is WCI Warden Wanza Jackson.  Because Plaintiff has alleged no personal involvement in any claimed constitutional deprivation on the part of Warden Jackson, this Defendant moves that the Complaint be dismissed without costs to her.

**II.   Law and Argument**

   **A.   Standard for a motion to dismiss**

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if all the facts and allegations in the complaint are taken as true.  *Dalton v. Jefferson Smurfit Corp.*, 979 F. Supp. 1187 (S.D. Ohio  1997).  A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.  *Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993).  While a court may not grant a Rule 12(b)(6) motion

based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) when there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.  *Issac v. Conrad*, 39 F.Supp.2d 1025 (S.D. Ohio 1999).  Matters outside the pleading are permissible only if the court treats the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b); *Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999), cert. denied, 147 L. Ed.2d. 984, 120 S.Ct. 2719 (2000).  Plaintiff's case should be dismissed because he has failed to state a claim.

**B.     The Complaint fails to state a claim against Defendant Jackson**

To establish liability under 42 U.S.C. §1983, a Plaintiff must plead and prove that the Defendant is personally responsible for the unconstitutional actions that injured him.  *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978).  Even *respondeat superior* is not a basis for liability under §1983.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) *cert. denied* 469 U.S. 845 (1984), the Sixth Circuit stated the following concerning supervisory officials and their liability under §1983:

> In *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), we held that the §1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*.

3

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. . . *Hays*, 668 F.2d at 872-74.

There must be direct participation by any defendant in the Plaintiff's alleged constitutional deprivation.

Furthermore, Section 1983 jurisprudence requires dismissal of any claims determined to be vague and conclusory.  The necessity of notifying the defendants of some factual underpinning in support of a claim is construed stringently in cases brought under 42 U.S.C. §1983.  *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964); *Valley v. Maule*, 297 F. Supp. 958, 960 (D. Conn. 1968); *Shakespeare v. Wilson*, 40 F.R.D. 500, 504 (S.D. Cal. 1966).  In *Shakespeare*, the Court decided that a civil rights claim against sixty-four named defendants should describe in sharp focus the various roles played by the defendants.  *Id*. at 506.  Along the same lines, in *Valley*, the Court ruled that overt acts must be pled with "some degree of particularity" in a civil rights action.  *Valley v. Maule*, 297 F. Supp. at 960.  The Sixth Circuit Court of Appeals stated the following in *Ogletree v. McNamara*, 449 F.2d 93, 98 (6th Cir. 1971):

> Liberal as are the federal rules of pleading, something more than conclusory allegations of systematic racial discrimination is required.  Some facts as to when, how, to whom and with what results such discrimination has been applied would seem a minimum requirement for "a short and plain statement of the grounds upon which the Court's jurisdiction depends."

In *Rotolo v. Bourough of Charleroi*, 532 F.2d 920, 932 (3rd Cir. 1976), the Third Circuit stated the following in reviewing a civil rights action:

4

> The allegations in the complaint strike us as vague and conclusory. They fail to indicate when, where, and how Rotolo had 'exercised his First Amendment privileges,' rendering it impossible to determine if indeed his activity was the sort afforded protection under the first amendment and whether it had any relevance to the termination of his employment. The allegations state no facts upon which to weigh the substantiality of the claim; they do not aver the content of the alleged first amendment exercise.

See also *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F. 2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F. 2d 102, 106 (6th Cir. 1985).

In the case at bar, Plaintiff has failed to offer facts showing any direct participation by Warden Jackson in any constitutional deprivation Plaintiff claims to have suffered. The only mention of Defendant Jackson in Plaintiff's complaint alleges that she promulgated unspecified policies and procedures showing deliberate indifference to his safety and security, and certain vague and conclusory allegations that her staff has allowed inmates to be beaten. Clearly, therefore, Plaintiff is suing this Defendant on the impermissible basis of *respondeat superior.* Accordingly, Plaintiff has failed to allege the requisite personal involvement and this Defendant should be dismissed.

### III.   Conclusion

For the foregoing reasons, Defendant prays that the Complaint be dismissed without costs to her.

                    Respectfully submitted,

                    RICHARD CORDRAY
                    Attorney General of Ohio

                    s/MARY ANNE REESE
                    MARY ANNE REESE (0044029)

Assistant Attorney General
Criminal Justice Section
1600 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
(513) 852-3497
(513) 852-3484 Fax
Email:
mary.anne.reese@ohioattorneygeneral.gov

Trial Attorney for Defendant Jackson

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that on the same day a copy of the foregoing was mailed to Plaintiff at: Adam Chasteen # 566-894, P. O. Box 788, 1150 N. Main Street, Mansfield, OH 44901.

s/MARY ANNE REESE
MARY ANNE REESE
Assistant Attorney General