# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ADAM CHASTEEN,

    Plaintiff,

vs.

WANZA JACKSON, *et al.*,

    Defendant.

Case No. 1:09-cv-413

Judge Sandra S. Beckwith
Magistrate Judge Timothy S. Black

## REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTIONS TO AMEND (Docs. 7, 18) BE GRANTED; (2) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 10) BE DENIED; AND (3) DEFENDANT'S MOTION TO DISMISS (Doc. 11) BE DENIED AS MOOT

This civil action is before the Court on several pending motions: (1) Plaintiff's motions to amend the complaint (Docs. 7, 18); (2) Plaintiff's motion for default judgment (Doc. 10) and motion for a ruling on the motion for default judgment (Doc. 16); and (3) Defendant Wanza Jackson's motion to dismiss (Doc. 11).

### I. FACTUAL BACKGROUND

Plaintiff is an inmate currently incarcerated at Mansfield Correctional Institution. He has brought suit under 42 U.S.C. § 1983 for an Eighth Amendment violation related to failure to protect him and provide medical care while he was incarcerated at Warren Correctional Institution.

---

[1] Attached hereto is a **NOTICE** to the parties regarding objections to this Report and Recommendation.

## II. STANDARDS OF REVIEW

### A. Amended Complaint

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

### B. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a

motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. Motions to Amend and Motion to Dismiss

Where both a motion to amend and a motion to dismiss the complaint are pending, a court abuses its discretion by dismissing a suit on the basis of the original complaint without first considering and ruling on the pending motion to amend. *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1987). When a district court denies a motion to amend after granting a motion to dismiss, the appellate court reviews both the complaint and the proposed amended complaint for purposes of construing the facts. *Klusty v. Taco Bell Corp.,* 909 F. Supp. 516, 520 (S.D. Ohio 1995) (Merz, M.J.). Accordingly, in ruling on the pending motion to dismiss, this Court must consider both the original complaint and the proposed amended complaint.

Plaintiff's counsel seeks to amend the complaint since the original complaint was filed by Plaintiff *pro se*. However, Plaintiff's counsel did not attach a proposed amended complaint to the motion for leave to amend. Although not required by Local Rule, without a proposed amended complaint, the undersigned is unable to assess whether the proposed amendments would be futile. Notwithstanding this point, Plaintiff claims that Defendants do not object to the motion to amend (Doc. 18 at 2), and, in fact, Defendants did not file memoranda opposing the motions. Accordingly, for good cause shown, Plaintiff's unopposed motions to amend (Docs. 7 and 18) should be **GRANTED**.

Due to the fact that Defendant's motion to dismiss is based upon Plaintiff's original complaint, the motion (Doc. 11) should be **DENIED** as **MOOT**, subject to refiling after Plaintiff has filed his amended complaint. *See Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 U.S. Dist. LEXIS 60105, at *12-13 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"). Perhaps Plaintiff's amended complaint, prepared by newly-appearing counsel, rather than by Plaintiff *pro se*, will affect the nature of a prospective motion to dismiss.

  **B.** **Motion for Default Judgment**

On August 27, 2009, Plaintiff filed a motion for default judgment against Defendants Wanza Jackson, Dr. James McWeeney, Ms. Satterthwaite, and Unknown Corrections Officer One ("Defendants"), claiming that they had been served with the

summons and complaint on June 11, 2009, but failed to respond. (Doc. 10). The record reflects that Defendant James McWeeney, Unknown Corrections Officer One, and Warden, Mansfield Correctional Institution were issued summons on August 13, 2009, and that Ms. Satterthwaite was issued a summons on August 14, 2009. (Doc. 12). However, there is no evidence that any of these Defendants were properly served, other than Defendant Wanza Jackson (Doc. 12), who did respond to Plaintiff's complaint by filing a motion to dismiss (Doc. 11).

Accordingly, at the time Plaintiff filed the motion for default judgment, Defendants' answers or other defenses were not yet due to be filed with the Court and/or Defendants had not yet been properly served. Accordingly, Plaintiff's motion for default judgment (Doc. 10) should be **DENIED**.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that:

1. Plaintiff's motions to amend the complaint (Docs. 7 and 18) be **GRANTED**;

2. Plaintiff's motion for default judgment (Doc. 10) be **DENIED** and Plaintiff's motion for a ruling on the motion for default judgment (Doc. 16) be **DENIED** as **MOOT**; and

3. Defendant's motion to dismiss (Doc. 11) be **DENIED** as **MOOT,** subject to refiling after Plaintiff files his amended complaint.


Date: December 7, 2009              s/ Timothy S. Black
                                    Timothy S. Black
                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ADAM CHASTEEN, | : | Case No. 1:09-cv-413 |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| WANZA JACKSON, *et al.*, | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).