**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Adam Chasteen,                )
                              )
        Plaintiff,            ) Case No. 1:09-CV-413
                              )
    vs.                       )
                              )
Wanza Jackson, et al.,        )
                              )
        Defendants.           )

O R D E R

      This matter is before the Court on Defendants Wanza Jackson, Dr. James McWeeney, Ernie Moore, and William Eleby's motion to dismiss (Doc. No. 27), Magistrate Judge Litkovitz's Report and Recommendation of December 3, 2010 (Doc. No. 48) recommending that the motion to dismiss be granted in part and denied in part, and Defendants' objections to the Report and Recommendation (Doc. No. 51).  For the reasons that follow, Defendants' objections to the Report and Recommendation are well-taken and are **SUSTAINED**.  To the extent that the Report and Recommendation recommended that Plaintiff's claims against Defendants Jackson, McWeeney, and Eleby in their individual capacities not be dismissed, it is not adopted by the Court.  To the extent that the Report and Recommendation recommends that Plaintiff's claims versus Defendants Jackson, McWeeney, Moore, and Eleby in their official capacities be dismissed, the Report

and Recommendation is **ADOPTED**.  To the extent the Report and Recommendation recommends dismissing the claims against Defendant Moore in his individual capacity, the Report and Recommendation is **ADOPTED**.  The result of these rulings is that Defendants' motion to dismiss is well-taken and is **GRANTED** in its entirety.

I. Background

At the relevant times in this case, Plaintiff Adam Chasteen was a prisoner at Warren Correction Institution ("WCI").  According to the amended complaint (Doc. No. 21), upon his transfer to WCI on January 15, 2008, Plaintiff complained to a sergeant that he was concerned about his safety after being placed in a four-man cell.  Amended Complaint ¶¶ 21-23.  Plaintiff voiced this concern to other officers assigned to his block.  Id. ¶ 24.  On January 16 and 18, Plaintiff sent correspondence to the Unit Manager expressing his concern about being placed in a four-man cell.  Id. ¶¶ 25-26.  On January 19, 2008, Plaintiff sent a letter to Defendant William Eleby, who is identified as the Acting Director of Classification and Reception for the Ohio Department of Corrections, expressing his fears and requesting assistance.  Id. ¶ 28.

The same day, Plaintiff was assaulted by one of his cellmates, Inmate Gordon, in the dayroom.  Other inmates threatened Plaintiff as he was being escorted to the infirmary for medical treatment.  After receiving treatment, Plaintiff was

2

ordered back to his cell by an unknown officer to retrieve his belongings.  Plaintiff protested to the officer and again expressed concern about being assaulted by other inmates.  The officer took Plaintiff to his cell anyway.  When Plaintiff stepped into his cell, while handcuffed and shackled at the waist, another of his cellmates, Inmate Stevens, assaulted him. Id. ¶¶ 29-33.  As a result of this attack, Plaintiff was taken to the hospital in Middletown where he was treated for contusions and lacerations to his nose.  Id. ¶ 34.

When he returned to the institution, Lt. O'Neil advised Plaintiff that Inmate Gordon would be locally segregated from him and that Inmate Stevens would be institutionally separated from him.  Id. ¶ 36.  Despite the assurances that he would be segregated from Gordon and Stevens, on February 20, 2008, Plaintiff encountered Stevens in the mess hall, where Stevens threatened him.  Plaintiff reported this threat to Sergeant Baker.  Id. ¶¶ 36, 38-39.

On February 28, 2008, Stevens, Gordon, and an unknown inmate assaulted Plaintiff outside the mess hall.  This time they inflicted severe injuries to Plaintiff, rendering him unconscious and leaving him covered in blood.  Id. ¶ 40.  Plaintiff sustained a concussion as a result of this attack and needed stitches to close some of the wounds.  Id. ¶ 41.  He continues to suffer from headaches and disorientation following the attack.  Id.

Plaintiff was transferred to Mansfield Correctional Institution in April 2008. Id. ¶ 46.

Plaintiff's amended complaint asserts claims for constitutional violations pursuant to 42 U.S.C. § 1983 against a number of prison officials and staff at WCI arising out of the incidents described above. As is relevant here, however, the amended complaint sued Defendant Wanza Jackson, the warden of WCI, in her individual and official capacities alleging that she violated Plaintiff's rights under the Eighth Amendment by failing to adequately train and supervise her agents and by negligently training and supervising her agents. Amended Complaint ¶¶ 52-53. The amended complaint sued Defendant McWeeney in his individual and official capacities alleging that he violated Plaintiff's rights under the Eighth Amendment by failing to diagnose that he had a concussion and by failing to properly suture his wounds. Id. ¶ 58. The amended complaint sued Defendant Moore in his individual and official capacities but did not include any specific factual allegations concerning his participation the alleged constitutional violations. Finally, the amended complaint sued Defendant Eleby in his individual and official capacities alleging that he violated Plaintiff's rights under the Eighth Amendment by not responding in a timely manner to his letter regarding his safety concerns. Id. ¶ 52.

These Defendants moved to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) for failure to state claims for relief.  Defendants Jackson and Moore argued that Plaintiff's claims against them were vague and conclusory and failed to show any direct participation by them in the alleged constitutional deprivations.  These Defendants argued, therefore, that Plaintiff was improperly attempting to impose respondeat superior liability on them.  Defendant McWeeney argued that the claims against him should be dismissed because, <u>inter alia</u>, the amended complaint showed nothing but a disagreement by Plaintiff about the medical treatment he received and thus failed to demonstrate a constitutional violation.  Finally, Defendant Eleby argued that the claims against him should be dismissed because, <u>inter alia</u>, the complaint does not demonstrate that he was presented with anything other than Plaintiff's vague and generalized concerns and fears about his safety.  In other words, Defendant Eleby contends that he was not aware that Plaintiff was concerned that he would be harmed by his cellmates.

In her Report and Recommendation, Magistrate Judge Litkovitz first determined that to the extent these Defendants had been sued in their official capacities, Plaintiff's claims should be dismissed on the grounds of Eleventh Amendment sovereign immunity.  Judge Litkovitz then concluded that the motion to dismiss the claims against Defendants Jackson and Eleby

5

should be denied. In reaching this conclusion, Judge Litkovitz determined that the complaint failed to allege facts establishing liability under failure to train and failure to supervise theories. Judge Litkovitz determined, nevertheless, that Defendant Jackson had actual knowledge of the threats against Plaintiff because in his memorandum in opposition to the motion to dismiss, Plaintiff stated that "all appropriate authorities" were notified about his threats, and that his grievances "should have been copied to her" as the warden, and that she did nothing in response. Judge Litkovitz stated that although these allegations should have been pled in the complaint, Plaintiff's claims against Defendant Jackson should be permitted to "proceed for further development." Doc. No. 48, at 9. Similarly, while Judge Litkovitz noted that the amended complaint failed to specify the contents of Plaintiff's letter to Defendant Eleby, she concluded that he had fair notice of Plaintiff's claims against him since "it is clear from the amended complaint that plaintiff expressed his fears to local officials for several days before going up the chain of command to Eleby to seek relief." Id. at 10.

      Judge Litkovitz then determined that Plaintiff's claims versus Defendant Moore should be dismissed because they did nothing more than attempt to impose respondeat superior liability for the alleged constitutional deprivations.

6

Finally, Judge Litkovitz recommended that the motion to dismiss the claims against Defendant McWeeney be denied. While recognizing that the amended complaint alleged only that Defendant McWeeney failed to properly diagnose his concussion and suture his wounds, Judge Litkovitz concluded that the complaint gave fair notice of the nature of the claim and should be permitted to proceed because it permitted a reasonable inference that McWeeney was deliberately indifferent to Plaintiff's serious medical needs. Doc. No. 48, at 13-14.

Plaintiff did not object to the recommendation that his claims against Defendant Moore be dismissed. Nor did Plaintiff object to Magistrate Judge Litkovitz's conclusion that his official capacity claims are barred by the Eleventh Amendment. Finally, Plaintiff did not object to Magistrate Judge Litkovitz's conclusion that the amended complaint failed to state claims for failure to train and failure to supervise. Accordingly, those aspects of the Report and Recommendation are not before the Court. See Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has properly been objected to.") (emphasis added). Defendants Jackson, Eleby, and McWeeney, however, did file timely objections to the Report and Recommendation and those objections are reviewed de novo by this Court. Id.

Defendant Jackson's objections essentially argue that the Magistrate Judge erred in relying on Plaintiff's opposition brief to conclude that the amended complaint demonstrates her personal involvement in the alleged constitutional violations. Defendant Eleby's objections similarly argue that the Magistrate Judge erred in concluding that the complaint sufficiently demonstrates his personal involvement in the alleged constitutional deprivations.  Finally, Defendant McWeeney's objections contend that the Magistrate Judge erred in concluding that the amended complaint states a claim for deliberate indifference to Plaintiff's serious medical needs.  At most, he contends, the amended complaint only states a claim for medical malpractice, which is not cognizable under § 1983.

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint.  The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).  The court need not accept as true legal conclusions or unwarranted factual inferences.  Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 1950. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint

pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief.  Id.

Finally, the Court notes that although Plaintiff filed the initial complaint pro se, he has since retained counsel who drafted the amended complaint.  Therefore, the amended complaint will be held to normal pleading standards instead of the relaxed standards reserved for pro se litigants.  Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 437 (6th Cir. 2008) ("Complaints drafted by attorneys are held to a more stringent standard than those drafted by pro se litigants.").

### III. Analysis

#### A. Defendants Jackson and Eleby

Although not specifically denominated as such, Plaintiff's claims against Jackson and Eleby allege that they violated his rights under the Eighth Amendment by failing to protect him from other inmates.  The Eighth Amendment generally requires prison officials to protect prisoners from violence at the hands of other inmates.  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  In order to state this Eighth Amendment claim, the complaint must allege facts demonstrating that the prison official knew of and disregarded an excessive risk to inmate health or safety.  The complaint must show that the official was aware of facts from which he could draw the inference that a

substantial risk of serious harm exists and that he actually drew that inference. Id. at 837.

The Magistrate Judge's Report and Recommendation implicitly if not explicitly recognized that the complaint failed to allege facts demonstrating that Defendant Jackson had been made aware of Plaintiff's complaints concerning the threats made by his cellmates. In recommending that the claims against her not be dismissed, however, Judge Litkovitz relied on assertions made in Plaintiff's opposition brief that she should have received copies of his grievances. This was an error, however, because in reviewing a motion under Rule 12(b)(6), the court may not consider matters extraneous to the complaint. See Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2001) (holding district court erred in relying on assertions made in defendant's brief as a basis on which to grant Rule 12(b)(6) motion). There are no facts pled in the amended complaint which construed as being true show that Defendant Jackson was aware of facts from which she could have inferred that Plaintiff was in danger of serious harm from his cellmates. Accordingly, Defendant Jackson's objections to the Report and Recommendation are well-taken and are **SUSTAINED.**

Similarly, the amended complaint fails to allege facts from which can be inferred that Defendant Eleby knew of and disregarded an excessive risk to Plaintiff's safety. As the

11

Court understands the amended complaint, Defendant Eleby occupies an administrative position within the Ohio Department of Rehabilitation and Corrections and is not on-site at WCI, hence the need for Plaintiff to mail him a letter instead of using the institution's grievance system. According to the amended complaint, the first two assaults on Plaintiff occurred on January 19, 2008, the same day he allegedly wrote to Eleby expressing his concerns about safety. Thus, Eleby cannot be charged with any failure to protect Plaintiff from these two assaults.

     The Court also concludes that Plaintiff's act of mailing a letter to Eleby expressing his fears about his safety is insufficient to establish Eleby's personal involvement in the alleged constitutional deprivations. There are no allegations in the complaint that Eleby received, much less read Plaintiff's letter. Therefore, there are no allegations from which it can be inferred that Eleby was aware of facts from which he could have concluded that Plaintiff was at risk of harm from his cellmates. Cf. Gevas v. McLaughlin, No. 08-3179, 2010 WL 5071565, at *4 (C.D.Ill. Dec. 9, 2010)(prison warden lacked notice that plaintiff was at risk of harm from other inmates because his secretary screened all of his mail and forwarded allegations of safety threats directly to internal affairs unit). Moreover, even assuming Eleby received Plaintiff's letter, approximately

six weeks passed between the time Plaintiff sent the letter and the final assault by Stevens and Gordon, more than an ample period for Eleby to have reasonably concluded that Plaintiff was no longer in danger from these inmates. Compare with Prater v. Dahm, 89 F.3d 538, 541-42 (8th Cir. 1996) (prison officials were not deliberately indifferent to plaintiff's safety despite actual knowledge of threats because "the two-week period between [plaintiff's] return to OCC and the altercation was in itself a sufficient time for prison officials to believe that [plaintiff] was not, in fact, in danger."). The amended complaint, construed in Plaintiff's favor, simply does not permit an inference that Eleby was deliberately indifferent to Plaintiff's safety.

Accordingly, this objection is well-taken and is **SUSTAINED.**

### B. Defendant McWeeney

Again, though not denominated as such, the amended complaint alleges that Defendant McWeeney was deliberately indifferent to Plaintiff's serious medical needs. The Magistrate Judge concluded that the complaint states a claim under this theory, but McWeeney argues that Plaintiff is simply trying to hold him liable under a malpractice theory of liability. The Court agrees with Defendant.

While it is well-established that a prison official may

13

not deliberately ignore a prisoner's serious medical needs, it is equally well-established that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  Terrance v. Northville Reg. Pysch. Hosp., 286 F.3d 834, 843 (6th Cir. 2002) (internal brackets omitted).  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Id.  In this case, the amended complaint clearly is attempting to impose § 1983 liability based on a claim that McWeeney misdiagnosed and mistreated his injuries and not that McWeeney deliberately ignored providing medical treatment to Plaintiff.  Amended Complaint ¶ 58 (alleging that Defendant "failed to diagnose that Plaintiff suffered a concussion and failed to properly suture Plaintiff's wounds).  Thus, the amended complaint fails to state an Eighth Amendment claim against Defendant McWeeney and the Magistrate Judge erred in concluding otherwise.

      Accordingly, this objection is well-taken and is **SUSTAINED.**

## Conclusion

      For the reasons stated, Defendants' objections to the Report and Recommendation are well-taken and are **SUSTAINED.**  The Court does not adopt the Report and Recommendation to the extent the Defendants object to it.  The Court, however, does adopt the

Report and Recommendation to the extent it recommends dismissing Plaintiff's claims against these Defendants in their official capacities as well as dismissing Plaintiff's failure to train and failure to supervise claims.  The Court also adopts the Report and Recommendation as to the recommendation to dismiss Plaintiff's claims versus Defendant Moore.  In summary, Defendants' motion to dismiss is well-taken and is **GRANTED.**

**IT IS SO ORDERED**

Date February 28, 2011           s/Sandra S. Beckwith
                            Sandra S. Beckwith
                     Senior United States District Judge