```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

Adam Chasteen,                  )
                                )
            Plaintiff,          ) Case No. 1:09-CV-413
                                )
      vs.                       )
                                )
Wanza Jackson, et al.,          )
                                )
            Defendants.         )

                         O R D E R

        This matter is before the Court on Defendant Satterwaite's motion to dismiss (Doc. No. 43), Magistrate Judge Litkovitz's Report and Recommendation of March 29, 2011 (Doc. No. 58) recommending that Defendant's motion be denied, and Defendant's objections to the Report and Recommendation (Doc. No. 62).  For the reasons that follow, Defendant's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  Defendant Satterwaite's motion to dismiss is not well-taken and is **DENIED.**

                      I. Background

        The full factual background of this case is set forth in the Court's order of February 28, 2011.  Doc. No. 57. Accordingly, a summary of the factual background to the present motion will be sufficient.

        Plaintiff Adam Chasteen is an inmate in the Ohio prison system.  On January 15, 2008, Plaintiff was transferred to Warren Correctional Institution ("WCI") and placed in a four-man cell.

Plaintiff complained immediately about being placed in a four-man cell and expressed fears for his safety.  Plaintiff's fears came to fruition inasmuch as he was assaulted by one or more of his cellmates on three different occasions.  One of Plaintiff's cellmates assaulted him in the dayroom on January 19, 2008 and another of his cellmates assaulted him in his cell block later the same day.  Two of Plaintiff's cellmates assaulted him again outside of the mess hall on February 28, 2008, inflicting severe injuries.  Plaintiff's lawsuit alleges that the Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.

The current motion concerns Plaintiff's claims against Defendant Satterwaite, who was the unit manager of his cell block.  According to the amended complaint, on January 16 and 18 2008, "Plaintiff sent correspondence to the Unit Manager complaining of the placement in a four man cell."  Amended Complaint ¶ 25.  The amended complaint does not contain any other specific factual allegations concerning Satterwaite's participation in the alleged constitutional deprivations.[1]  The

---

[1]  Plaintiff's original complaint, which he filed pro se, was much more specific.  In that pleading, Plaintiff alleged that on January 16:

> I wrote a kite to Ms. Satterwaite requesting a cell transfer because I had met the occupants of My [sic] cell in 2-D and they threatened My [sic] life stating they "would beat Me [sic] up, Kill Me [sic] etc., that

complaint, however, does allege that Plaintiff "expressed his concern to officers in 2-D about being placed in a four man cell" and that he "repeatedly expressed his concerns about being placed in a four man cell." Amended Complaint ¶¶ 24, 26.

Defendant Satterwaite moved to dismiss Plaintiff's claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In her motion, Satterwaite argues that the complaint fails to allege facts showing her participation in the alleged constitutional deprivations. Specifically, Satterwaite argues that the facts fail to show that she proximately caused any of Plaintiff's injuries or that she was deliberately indifferent to his safety. Satterwaite claims that she was presented with nothing more than Plaintiff's vague and generalized concerns and fears about his safety. Satterwaite also places emphasis on the fact that Plaintiff expressed fears about his cell but that he never sustained any injury in his cell. Apparently, Satterwaite believes that she could only be liable under a deliberate indifference theory if Plaintiff had been assaulted and injured in the specific location identified in his correspondence. For similar reasons, Satterwaite claims she is entitled to qualified immunity on Plaintiff's claims.

---

now I would pay them" [sic]. I received no response from the Unit Manager Ms. Satterwaite.

Doc. No. 3, at 5.

3

Magistrate Judge Litkovitz recommended denying Satterwaite's motion to dismiss. Judge Litkovitz concluded that read as a whole, the amended complaint sufficiently states a claim for an Eighth Amendment violation. Judge Litkovitz stated that the amended complained showed that upon his transfer to WCI, Plaintiff immediately and repeatedly expressed fear for his safety, to prison officers as well as Satterwaite, about being placed in a four-man cell and that nothing was done in response to his complaints. Judge Litkovitz also rejected Satterwaite's contention that the location of the assaults absolved her of liability on the grounds that a plaintiff is not required to show that a prison official knew that a particular prisoner would be harmed in a certain way. Accordingly, Judge Litkovitz concluded that Plaintiff stated a claim for an Eighth Amendment violation. Based on the same analysis, Judge Litkovitz also concluded that Satterwaite is not entitled to qualified immunity.

Satterwaite filed timely objections to Judge Litkovitz's Report and Recommendation. Satterwaite's objections to the Report and Recommendation essentially reiterate the arguments she advanced in the motion to dismiss. She also argues, however, that in concluding that Plaintiff stated a claim for relief, Judge Litkovitz erroneously relied on statements counsel made in Plaintiff's response to the show cause order

4

instead of the allegations actually contained in the amended complaint.

The Court reviews a magistrate judge's report and recommendation de novo on a dispositive issue such as a motion to dismiss. Fed. R. Civ. P. 72(b).

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are

not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. <u>Id.</u> To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)(internal quotation marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. <u>Id.</u> at 1950. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id.</u> at 1949. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. <u>Id.</u> If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. <u>Id.</u>

Finally, the Court notes that although Plaintiff filed the initial complaint pro se, he has since retained counsel who drafted the amended complaint. Therefore, the amended complaint will be held to normal pleading standards instead of the relaxed standards reserved for pro se litigants. <u>Bassett v. National Collegiate Athletic Ass'n</u>, 528 F.3d 426, 437 (6th Cir. 2008) ("Complaints drafted by attorneys are held to a more stringent standard than those drafted by pro se litigants.").

### III. <u>Analysis</u>

The Eighth Amendment generally requires prison officials to protect prisoners from violence at the hands of other inmates.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994).  In order to state this Eighth Amendment claim, the complaint must allege facts demonstrating that the prison official knew of and disregarded an excessive risk to inmate health or safety.  The complaint must show that the official was aware of facts from which he could draw the inference that a substantial risk of serious harm exists and that he actually drew that inference. <u>Id.</u> at 837.

The Court finds no error in Judge Litkovitz's Report and Recommendation.  Giving the benefit of all reasonable inferences to Plaintiff, the amended complaint states that he not only sent correspondence to Satterwaite about his concerns about being placed in a four-man cell, he also "expressed concern to officers in 2-D about being placed in a four man cell."  Amended Complaint ¶¶ 24, 25.  "Officers in 2-D" can reasonably be construed to include Satterwaite, the unit manager of 2-D.  Thus, the amended complaint reasonably indicates that Plaintiff expressed fear for his safety to Satterwaite.  Like Judge Litkovitz, the Court finds that Satterwaite erroneously relies on the fact that Plaintiff's cellmates did not assault him within the confines of the cell in arguing that he fails to state a claim for relief.  As Judge Litkovitz correctly noted, the prison

official is not required to be aware of the exact manner or circumstances in which the inmate may be injured in order to state an Eighth Amendment claim. <u>Farmer</u>, 511 U.S. at 843 ("Nor may a prison official escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault."). Moreover, Satterwaite overlooks that the amended complaint alleges that one of the assaults occurred in his cell block, which a reasonable person can infer would be in close proximity to his cell. Finally, the amended complaint may reasonably be construed to mean that in complaining about a four-man cell, Plaintiff was really expressing fear of his cellmates. After all, if not for his cellmates, there would seem to be little reason for Plaintiff to be concerned about being placed in a four-man cell.

      While the Court's earlier order concluded that Judge Litkovitz's first Report and Recommendation was erroneous for relying on Plaintiff's brief in finding that he stated claims for relief, the Court concludes that Judge Litkovitz made no such error here. Satterwaite does correctly observe that Judge Litkovitz cited Plaintiff's response to the show cause order when she wrote that Satterwaite did nothing in response to Plaintiff's correspondence. Doc. No. 58, at 5. In this instance, however,

8

Judge Litkovitz was merely summarizing Plaintiff's response in opposition to the motion to dismiss. Nowhere in the Report and Recommendation, however, did Judge Litkovitz rely on Plaintiff's brief in response to the show cause order to establish a factual basis for his claims. In any event, concluding that Satterwaite did nothing in response to Plaintiff's correspondence is a reasonable inference to be drawn from the amended complaint given that Plaintiff was assaulted not once, but three times by his cellmates.

This case is substantially similar to <u>Nelson v. Overberg</u>, 999 F.3d 162 (6th Cir. 1993). In that case, the plaintiff received a threat of an attack from another inmate. The plaintiff sent two letters to the classification officer in which he stated both that he was pleased with his institutional designation and that he had enemies and asked for reconsideration of his designation. The defendant sent the plaintiff a form letter indicating the variables taken into consideration in classifying inmates but otherwise took no steps to address the plaintiff's safety concerns. <u>Id.</u> at 163-64.

The plaintiff was later severely beaten by two inmates and he sued the defendant for being deliberately indifferent to his safety. The defendant moved for qualified immunity on the grounds that the plaintiff's letters were too vague to put him on notice that his safety was threatened. <u>Id.</u> at 164-65. The Court

9

disagreed, however, stating that the plaintiff's "letters would have alerted a reasonable prison official that more action needed to be taken than was taken by [the defendant] to protect [the plaintiff's] Eighth Amendment rights. Therefore, qualified immunity is not appropriate in this case." Id. at 166. In this case, at least as alleged in the amended complaint, Plaintiff's correspondence to Satterwaite was vague but could reasonably be construed and understood as an expression of a safety concern sufficient to put her on notice that additional steps should be taken to protect him. Satterwaite, therefore, is not entitled to qualified immunity at this juncture since it has been well-established that prison officials have a duty to take reasonable steps to protect inmates from violence at the hands of other inmates. See id.

## Conclusion

Accordingly, for all of the above reasons, Defendant Satterwaite's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Defendant Satterwaite's motion to dismiss is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date April 28, 2011         s/Sandra S. Beckwith
                            Sandra S. Beckwith
                      Senior United States District Judge