```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

Adam Chasteen,                )
                              )
            Plaintiff,        ) Case No. 1:09-CV-413
                              )
    vs.                       )
                              )
Wanza Jackson, et al.,        )
                              )
            Defendants.       )

O R D E R

This matter is before the Court on the motion for summary judgment (Doc. No. 76) filed by Defendants Brian Baker, Patrick O'Neil, and Lora Satterwaite. Plaintiff Adam Chasteen, who is an inmate in the custody of the Ohio Department of Rehabilitation and Correction, filed suit against these defendants pursuant to 42 U.S.C. § 1983 alleging that they failed to protect him from assaults by other inmates. Among other grounds raised in their motion, Defendants contend that dismissal of the complaint is required because Plaintiff failed to exhaust his available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a), before filing this lawsuit. Upon review of the record, the Court agrees with Defendants that Plaintiff failed to exhaust the available administrative remedies. Accordingly, Defendants' motion for summary judgment will be granted and the complaint will be dismissed without prejudice.

I. Background

The Court summarized the factual background of this case in a prior order:

> Plaintiff Adam Chasteen is an inmate in the Ohio prison system. On January 15, 2008, Plaintiff was transferred to Warren Correctional Institution ("WCI") and placed in a four-man cell. Plaintiff complained immediately about being placed in a four-man cell and expressed fears for his safety. Plaintiff's fears came to fruition inasmuch as he was assaulted by one or more of his cellmates on three different occasions. One of Plaintiff's cellmates assaulted him in the dayroom on January 19, 2008 and another of his cellmates assaulted him in his cell block later the same day. Two of Plaintiff's cellmates assaulted him again outside of the mess hall on February 28, 2008, inflicting severe injuries. Plaintiff's lawsuit alleges that the Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.

Doc. No. 63, at 1-2. Defendant Satterwaite was the unit manager of Plaintiff's cell block at WCI. Defendant O'Neil was the hearing officer of the Rules Infraction Board to whom Plaintiff allegedly expressed fears for his safety. Defendant Baker is a corrections officer to whom Plaintiff also allegedly expressed fears for his safety.

The Ohio Administrative Code establishes a three-tiered system for inmate grievances. At the first step, the inmate must, within 14 days of the incident giving rise to the complaint, file an informal complaint to the supervisor of the staff member or the department responsible for the subject matter of the complaint. O.A.C. § 5120-9-31(K)(1). The staff then has 7 calendar days to respond to the complaint. Id. If the inmate

2

is not satisfied with the response to his informal complaint, or he does not receive a timely response to his complaint, he must file a grievance with the inspector of institutional services within 14 days of the response to the informal complaint or the date upon which the informal complaint process is deemed to have been waived. O.A.C. § § 5120-9-31(K)(2). The inspector of institutional services must respond to the inmate's grievance in writing within 14 days. Id. Finally, if the inmate is dissatisfied with the response of the inspector of institutional services, he must file an appeal with the office of the chief inspector. § 5120-9-31(K)(3). The inmate must file this appeal within 14 days of the response from the inspector of institutional services. Id.

The documentation submitted by Defendants shows that Plaintiff sent kites to Satterwaite on January 16 and January 18, 2008 in which he stated that he feared for his safety at WCI, was not getting along with his cellmates, and requesting a transfer back to LCI. Doc. Nos. 76-4 & 76-5. Satterwaite responded to both kites within days and informed Plaintiff that he was not eligible for a transfer back to LCI. See id. Satterwaite did not otherwise address Plaintiff's safety concerns.

On January 28, 2008, Plaintiff filed an informal complaint resolution form concerning the second assault that occurred on January 19. Doc. No. 76-9. Plaintiff complained

3

that the officer took him back to his cell despite his protest that he did not feel safe returning there because of threats from other inmates. Plaintiff received a response two days later that, according to a Lt. Jones, Plaintiff requested to return to his cell and did not mention any threats that had been made against him. Id.

According to Suzanne Evans, who is the records custodian for the Office of the Chief Inspector, Plaintiff did not file any appeals or direct grievances to the Chief Inspector's Office concerning any failure to protect, or for any other matter, during 2008. Evans Aff. (Doc. No. 76-14) ¶¶ 9, 11. Therefore, according to Evans, Plaintiff did not exhaust his administrative remedies with respect to the claims raised in this lawsuit. Id. ¶ 11. In other words, Evans's affidavit and the documents submitted by Defendants in support of their motion for summary judgment show that, at a minimum, Plaintiff did not prosecute any of his failure to protect complaints through the second and third steps of the administrative process.

In response, Plaintiff, who is represented by counsel, filed pro se a pleading entitled "Supplemental Response to Defendants' Motion for Summary Judgment." Doc. No. 78. Plaintiff claims in this pleading that he did not complete the administrative grievance process because he was placed in administrative segregation following the February 28, 2008

4

incident and the staff at WCI refused or failed to provide him with the proper grievance forms. Plaintiff also submitted copies of a number of informal complaint resolution forms he filed from Mansfield Correctional Institution which were apparently directed towards incidents that occurred at WCI. Doc. No. 78-1, at 7-15. Most of these informal complaint resolution forms, however, appear almost completely blank and they all are illegible. Therefore, it is impossible to determine whether in fact they set forth any complaints about the alleged failure to protect him at WCI.

After Plaintiff filed his pro se pleading, his trial counsel filed a memorandum in opposition to Defendants' motion for summary judgment. Doc. No. 79. In this pleading, counsel acknowledges that Plaintiff is not entitled to hybrid representation, i.e., to be represented by counsel and to be allowed to file pro se pleadings, and more or less asks the Court to disregard Plaintiff's pro se memorandum. See id. at 1. As is relevant here, counsel for Plaintiff argues that the exhaustion requirement should be waived or considered satisfied because staff at WCI failed to provide him with the proper grievance forms. Id. at 12. Counsel also states that Plaintiff did the best he could to exhaust the administrative process as soon as was practical but that he did not receive any responses to his grievances from the Office of the Chief Inspector. Counsel,

therefore, argues that Plaintiff did the best he could to exhaust the available administrative remedies. It should be noted, however, that counsel did not provide any citations to the record to support the factual assertions he made concerning Plaintiff's efforts to exhaust the administrative remedies.

In reply (Doc. No. 80), Defendants moved to strike Plaintiff's pro se pleading and again pointed out that there is no evidence that he prosecuted any of his complaints through the last step of the inmate grievance process. Id. Defendants reiterate, therefore, that Plaintiff failed to exhaust the available administrative remedies before filing suit.

Defendants' motion for summary judgment is now briefed and is ready for disposition.

II. Summary Judgment Standard of Review

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers. The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (internal quotation omitted).

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts. Guarino v. Brookfield Township Trs., 980 F.2d 399, 404 (6th Cir. 1992). Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. Anderson, 477 U.S. at 250. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. "If the evidence is merely colorable, . . . or is not

significantly probative, . . . the court may grant judgment." Anderson, 477 U.S. at 249-50 (citations omitted).

### III. Analysis

#### A. Plaintiff's Supplemental Pleading

The Court starts the analysis by concluding that Plaintiff's pro se supplemental pleading is not properly before the Court because he is represented by counsel. As counsel for both parties recognize, Plaintiff is not entitled to hybrid representation, and the Sixth Circuit and other courts in this circuit routinely strike and/or refuse to consider pro se pleadings filed by represented parties. E.g., United States v. Flowers, 428 Fed. Appx. 526, 530 (6th Cir. 2011) (collecting cases; Jones v. Bradshaw, 326 F. Supp. 2d 857, 857-58 (N.D. Ohio 2004); United States v. Clark, 250 F. Supp.2d 856, 856 (S.D. Ohio 2002); Jells v. Mitchell, No. 1:98 CV 02453, 2011 WL 1257306, at *2-*3 (N.D. Ohio Mar. 31, 2011); Keenan v. Bagley, No. 1: 01CV2139, 2010 WL 1133238, at *1-*2 (N.D. Ohio Mar. 19, 2010); see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.")(emphasis added). In light of these authorities, the Court will not consider Plaintiff's pro se supplemental memorandum and it is ordered **STRICKEN** from the record.

8

B. <u>Exhaustion of Administrative Remedies</u>

The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). As a plain reading of this section indicates, a prisoner may not file suit under § 1983 concerning prison conditions until he exhausts the available administrative remedies. Exhaustion of administrative remedies is mandatory under the PLRA. <u>Booth v. Churner</u>, 532 U.S. 731, 739-41 (2001); <u>Vandiver v. Correctional Med. Serv., Inc.</u>, 326 Fed. Appx. 885, 888 (6th Cir. 2009). Moreover, the PLRA mandates "proper" exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006); <u>Reed-Bey v. Pramstaller</u>, 603 F.3d 322, 324 (6th Cir. 2010) ("An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance."). Failure to exhaust administrative remedies, however, is an affirmative defense; therefore, the burden is on

the defense to prove failure to exhaust. Jones v. Bock, 549 U.S. 199, 216 (2007); Kramer v. Wilkinson, 226 Fed. Appx. 461, 462 (6th Cir. 2007).

In this case, Defendants have submitted evidence that Plaintiff did not complete the prison grievance process with respect to any of his failure to protect claims. As already summarized, the documents submitted by Defendants indicate that Plaintiff submitted two kites and one informal complaint resolution form about his cell placement and safety concerns. He received rapid written responses to his complaints. Suzanne Evans, the records custodian, confirmed that the records of Office of Chief Inspector show that Plaintiff did not process any complaints through the second and third steps of the administrative grievance process. Accordingly, Defendants have established that Plaintiff failed to exhaust the available administrative remedies, and that as a consequence, the PLRA requires dismissal of his claims.

Plaintiff has failed to rebut Defendants' demonstration that he failed to exhaust his administrative remedies. While counsel for Plaintiff contends that staff at WCI failed to provide him with the proper grievance forms, and that he otherwise did the best he could to complete the administrative process, counsel's arguments are not supported by citation to any evidence in the record. Plaintiff, therefore, has failed to meet

his burden under Rule 56 to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248. This case is thus indistinguishable from Napier v. Laurel County, 636 F.3d 218 (6th Cir. 2011), where the Court held that the defendants were entitled to summary judgment when the plaintiff failed to meet his burden under Rule 56 to rebut their showing that there was an administrative grievance process which he failed to utilize. Id. at 225-26.

In summary, for the reasons stated, the record shows that Plaintiff failed to exhaust the prison grievance system before filing his § 1983 claims against the Defendants. Accordingly, they are entitled to summary judgment. Plaintiff's claims, however, are **DISMISSED WITHOUT PREJUDICE.** Bell v. Konteh, 450 F.3d 651, 654-55 (6th Cir. 2006) (under the PLRA, unexhausted claims should be dismissed without prejudice).

**IT IS SO ORDERED**

Date May 3, 2012         s/Sandra S. Beckwith
                         Sandra S. Beckwith
                         Senior United States District Judge