# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ADAM CHASTEEN,  
    Plaintiff

Case No.1:09-cv-413  
Beckwith, J.  
Litkovitz, M.J.

vs

WANZA JACKSON, et al.,  
    Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Adam Chasteen, proceeding pro se, moves the Court to alter or amend its judgment granting summary judgment in favor of defendants Brian Baker, Patrick O'Neil and Lora Satterthwaite. (Doc. 84). The matter is also before the Court on plaintiff's motion for extension of time to file the motion to alter or amend the judgment and motion for leave to proceed pro se.[1] (Doc. 83).

## I. Procedural background

Plaintiff, a former inmate at the Warren Correctional Institution ("WCI"), filed this action pro se under 42 U.S.C. § 1983 against several WCI and Ohio Department of Rehabilitation and Correction officials and employees. (Doc. 3). Plaintiff claimed that defendants violated his Eighth Amendment rights by failing to protect him from assaults by other inmates in January and February of 2008. Counsel subsequently entered an appearance and filed an amended complaint on plaintiff's behalf. (Doc. 21). The Court thereafter granted a motion to dismiss brought by a number of the defendants by Order dated February 28, 2011. (Doc. 57).

---

[1] Plaintiff was formerly represented by counsel in this matter, but counsel terminated his representation of plaintiff on June 20, 2012 (6/20/12 docket sheet notation).

The Court issued its Order granting summary judgment in favor of the remaining defendants on May 3, 2012. (Doc. 81). The Court dismissed plaintiff's claims against those defendants without prejudice on the ground plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. The Court determined that plaintiff had failed to complete the three-step grievance procedure established under the Ohio Administrative Code, O.A.C. § 5120-9-31(K). (Doc. 81 at 2-3, 10). The Court found that the evidence produced by defendants showed plaintiff had submitted two "kites" and an informal complaint resolution (ICR) form about his cell placement and safety concerns; he received rapid written responses to his complaints; and he did not proceed with any complaints through the second and third steps of the administrative grievance process. (*Id.* at 10). The Court determined plaintiff did not rebut defendants' showing that he failed to exhaust his administrative remedies because plaintiff did not cite to evidence in the record to support his allegations that WCI staff failed to provide him with proper grievance forms and that he otherwise did the best he could to complete the administrative process. (*Id.*).

After the Court entered summary judgment on May 3, 2012, plaintiff filed his motion for extension of time on May 11, 2012, to file a motion to alter or amend judgment and proceed pro se (Doc. 83); he filed the motion to alter or amend judgment on May 17, 2012 (Doc. 84); and he filed a "Declaration" in support of the motion. (Doc. 85). Defendants filed a memorandum in opposition to the motion to alter or amend (Doc. 87), and plaintiff filed a reply in support of the motion. (Doc. 89).

**II. Motion to alter or amend the judgment**

Plaintiff moves the Court to alter or amend its judgment on the grounds that (1) plaintiff's counsel failed to adequately conduct discovery and present evidence to prove plaintiff exhausted his administrative remedies, thereby causing the Court to issue its ruling without all available and relevant evidence before it, and (2) the Court committed a legal and factual error by granting summary judgment based on plaintiff's purported failure to exhaust his administrative remedies. Plaintiff contends that the documents defendants submitted to the Court are insufficient to establish that he failed to exhaust his administrative remedies before filing this lawsuit, and he can produce proof that he served five grievances on the Office of the Chief Inspector and thereby exhausted his administrative remedies.

Plaintiff argues that his counsel failed to present evidence that shows he exhausted the grievance procedure and that prison officials addressed the merits of his complaints. Plaintiff has submitted a supplemental "Declaration in Support of Motion to Alter or Amend Judgment" in which he asserts that his attorney failed to comply with his reasonable requests to conduct discovery in this case and, as a result, plaintiff was unable to acquire "certain documentary evidence" until after counsel notified him of the summary judgment ruling. (Doc. 85).

Plaintiff further argues that the Court erred by finding he failed to exhaust the prison grievance procedure before filing his § 1983 claims. Plaintiff does not dispute that he failed to pursue the second and third steps of the grievance procedure for the ICR he submitted on January 28, 2008. (Doc. 84 at 3-4). However, he asserts that he submitted five additional ICRs approximately one year later on January 21, 2009, following his release from segregation at WCI and his transfer to Mansfield Correctional Institution ("ManCI") in April 2008. (*Id*. at 5,

3

Exhs. A1-5). Although these ICRs were not filed within the time frame set forth in O.A.C. §

5120-9-31(K), plaintiff nonetheless contends that his non-compliance with the grievance

procedure should be excused because he was prevented from timely filing the grievances.

First, plaintiff alleges that he was denied grievance forms while in segregation at WCI.

Second, plaintiff contends that he suffered severe head trauma in the attacks at WCI, and he

was not able to able to concentrate well enough to pursue his grievances until January 21, 2009.

(Doc. 84 at 5-6, citing Exhs. A1-5).

Plaintiff also contends that his failure to timely file grievances should be excused

because defendants overlooked his procedural default. (*Id.* at 6-8). Plaintiff contends that WCI

waived any time bar by responding to the merits of four of these five ICRs. Plaintiff further

alleges that he completed the three-step grievance process for these five grievances by

submitting Notification of Grievance (NOG) forms to "Inspector MacIntosh," each of which

was returned unanswered, and then submitting appeals to the Office of the Chief Inspector.[2]

(*Id.* at 8). In support of his argument, plaintiff directs the Court to the largely illegible NOG

forms that he attached to his pro se supplemental response in opposition to defendants' motion

for summary judgment, which were stricken from the record because they were part of an

improper pro se filing. (Doc. 81 at 8).

In response, defendants argue there is no evidence that plaintiff exhausted his

administrative remedies as to the claims he asserted in this lawsuit. Defendants contend the

undisputed evidence shows that plaintiff timely filed an informal ICR form on January 28,

---

[2]Plaintiff states that he does not have copies of the forms he submitted to the Chief Inspector but he can produce copies of the receipts showing mailing and proving service of these appeals, which were never acknowledged. (Doc. 84 at 8, n. 4).

2008, regarding the January 19, 2008 incident, but there is no evidence he proceeded to the next two steps of the three-step mandatory grievance procedure set forth in O.A.C. § 5120-9-31(K). Defendants further contend there is no evidence plaintiff had any physical infirmities that prevented him from exhausting his administrative remedies. Defendants therefore request that the Court deny plaintiff's motion to alter or amend, assess costs against plaintiff, and order any other relief deemed necessary.

**III. Standard of review**

Fed. R. Civ. P. 59(e) provides that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion to alter or amend should not be used to re-litigate issues previously considered. *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003). A Rule 59(e) motion may be granted where: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, (3) there has been a clear error of law, or (4) it is necessary to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). Relief under Rule 59(e) is "an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1998) (Holschuh, J.) (citations omitted). A motion to alter or amend should not be used "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**IV. Opinion**

Plaintiff's motion for extension of time to file the motion to alter or amend and motion

5

for leave to proceed pro se (Doc. 83) is granted. Plaintiff filed the motion to alter or amend within 28 days of the order granting summary judgment in favor of defendants, and the motion is therefore timely. *See* Fed. R. Civ. P. 59(e).

Plaintiff has failed to demonstrate he is entitled to the relief he seeks. First, plaintiff does not seek to introduce new evidence that was unavailable prior to issuance of the Court's summary judgment decision. Plaintiff has attached to his motion to alter or amend five ICRs dated January 21, 2009, and a data sheet reflecting his grievance activity at ManCI in an effort to show he exhausted his administrative remedies. (Doc. 84, Exhs. A1-A5, B-1). Plaintiff submitted illegible copies of the ICRs with a supplemental response to defendants' motion for summary judgment (Doc. 78, Exhs. E1-5), which the Court struck as an improper pro se filing. (Doc. 81). The ICRs plaintiff has submitted with the motion to alter or amend therefore are not new evidence, but instead they are documents that were available and could have been properly produced in response to the motion for summary judgment. Accordingly, the ICRs are not appropriately considered on a motion to alter or amend the judgment. Plaintiff has not offered in support of his motion any other documentary evidence that was not or could not have been adduced during the summary judgment proceedings.

Second, plaintiff has not shown that the Court committed a clear error of law. The Court determined that according to the evidence presented by defendants, plaintiff filed one grievance pertaining to the incidents that form the basis for this lawsuit on January 28, 2008, but he failed to pursue the next two steps of the grievance process as to that grievance. The Court considered plaintiff's contentions that WCI staff had failed to provide him with the proper grievance forms and that he otherwise had done his best to complete the administrative

6

grievance process, but the Court found the arguments were not supported by any citations to evidence in the record. Plaintiff has not demonstrated any clear error of law that the Court committed when it determined, based on the findings and the evidence properly before it, that plaintiff failed to exhaust available administrative remedies in accordance with the PLRA.

Finally, plaintiff has not shown that it is necessary to alter or amend the judgment to prevent manifest injustice. Plaintiff does not dispute that he failed to exhaust or timely pursue his administrative remedies. Any arguments plaintiff presents as to why he was unable to timely pursue his administrative remedies either were presented in response to the motion for summary judgment and were considered by the Court or should have been presented at that time. Moreover, even if the Court were to consider plaintiff's argument that defendants waived his non-compliance with procedural time limits by considering his January 2009 grievances on the merits, the Court would not find the argument to be well-taken. A court generally will consider a plaintiff's otherwise-defaulted claims where prison officials have declined to enforce their own procedural requirements and have considered those claims on the merits. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 325-326 (6th Cir. 2010) (finding plaintiff properly exhausted his claim where he invoked one complete round of the prison grievance procedures and received merit-based responses at each step). Here, however, plaintiff concedes that his January 2009 grievances were not addressed on the merits at each step of the grievance process but instead were returned to him by "Inspector MacIntosh," who refused to address them and returned them to plaintiff shortly after plaintiff mailed them, and by the Office of the Chief Inspector, which did not respond to the grievances. As prison officials declined to consider the merits of plaintiff's grievances at each step of the grievance process, the claims were not

properly exhausted.

For these reasons, plaintiff's motion to alter or amend the judgment should be denied. Defendants have not cited any legal authority for assessing costs against plaintiff, so their request that the Court assess costs against plaintiff should be denied.

### IT IS THEREFORE ORDERED THAT:

Plaintiff's motion for leave to proceed pro se and for extension of time to file the motion to alter or amend judgment (Doc. 83) is granted.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's motion to alter or amend judgment (Doc. 84) be denied.

Date: _10/9/12_

Karen L. Litkovitz
United States Magistrate Judge

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ADAM CHASTEEN,                                  Case No.1:09-cv-413
    Plaintiff                              Beckwith, J.
                                          Litkovitz, M.J.

    vs

WANZA JACKSON, et al.,
    Defendants


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Adam Chasteen
566-894
Madison Corr. Inst.
PO Box 740
1851 State Route 56
London, OH 43140

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☑ Agent
☐ Addressee

B. Received by ( Printed Name) | C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7002 3150 0000 8389 9364

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1640