IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Adam Chasteen, )
)
      Plaintiff, ) Case No. 1:09-CV-413
)
vs. )
)
Wanza Jackson, et al., )
)
      Defendants. )

O R D E R

    This matter is before the Court on Plaintiff Adam Chasteen's motion to alter or amend judgment (Doc. No. 84), Magistrate Judge Litkovitz's Report and Recommendation of October 9, 2012 recommending that Plaintiff's motion be denied (Doc. No. 94) and Plaintiff's objections to the Report and Recommendation (Doc. No. 102).  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion to alter or amend judgment is not well-taken and is **DENIED.**

    Plaintiff Adam Chasteen filed this suit against several prison officials at Warren Correctional Institution pursuant to 42 U.S.C. § 1983 alleging that they failed to protect him from two assaults by fellow inmates.  One assault occurred on January 19, 2008 and the other assault occurred on February 28, 2008.  Although Plaintiff initiated this lawsuit pro se, Attorney Eric J. Allen entered an appearance on behalf of Plaintiff in September 2009.  Doc. No. 13.

1

After discovery closed, the remaining Defendants in the case filed a motion for summary judgment on Plaintiff's claims. Doc. No. 76. Among other grounds for judgment, Defendants argued that the Court should dismiss the complaint because Plaintiff failed to exhaust the available administrative remedies before filing this federal lawsuit as required by the Prison Litigation Reform Act ("PLRA"). In support of this argument, Defendants submitted the affidavit of Suzanne Evans, the records custodian for the Office of Chief Inspector, who stated that Plaintiff did not file any appeals to the Chief Inspector's office during 2008 concerning any alleged failure to protect. Doc. No. 76-14, ¶¶ 9, 11.

Even though Plaintiff was still represented by counsel at the time, in response to Defendants' motion for summary judgment, he filed pro se a document entitled "Supplemental Response to Defendants' Motion for Summary Judgment" (Doc. No. 78) in which he purported to establish that he exhausted the administrative grievance process nearly a year later, after he was transferred to Mansfield Correctional Institution. Plaintiff's evidence consisted primarily of illegible copies of informal complaint resolution forms he filed from MCI, most of which were blank and all of which were illegible. Plaintiff's retained counsel, Mr. Allen, also filed a memorandum in opposition to Defendants' motion for summary judgment. Doc. No. 79. Mr. Allen acknowledged that Plaintiff's pro se supplemental brief was improperly filed because he was not entitled to hybrid representation. Mr. Allen argued, however, that the PLRA exhaustion requirement should be excused because the prison officials failed to provide

Plaintiff with the proper grievance forms. In reply, Defendants moved to strike Plaintiff's pro se supplemental brief. Doc. 80.

On May 3, 2012, the Court entered an order (Doc. No. 81) granting Defendants' motion for summary judgment due to Plaintiff's failure to exhaust the available administrative remedies before filing suit. The Court ordered, however, that Plaintiff's claims be dismissed without prejudice. In reaching this conclusion, the Court noted that Ohio has a three-tier prison grievance system which starts with filing an informal complaint with the staff member's supervisor. Subsequent appeals may be filed with the inspector of institutional services and then the Office of Chief Inspector. Id. at 2-3. The Court determined that Plaintiff had not exhausted his administrative remedies because he received timely responses to his informal complaints concerning the alleged failure to protect him from other inmates and Evans's affidavit established that he failed to complete the second and third steps of the grievance process. Id. at 10-11. The Court rejected Mr. Allen's assertion that exhaustion should be excused because the staff at WCI failed to provide Plaintiff with the appropriate forms because it was not supported by any citation to evidence in the record. The Court concluded that Plaintiff failed to establish a genuine issue of material fact concerning whether he had exhausted his administrative remedies. Id. at 11. The same order also determined that Plaintiff's pro se supplemental pleading was improperly filed and ordered it stricken from the record. Doc. No. 81.

On May 11, 2012, Plaintiff filed pro se the instant motion to alter or amend judgment pursuant to Rule 59(e). Plaintiff's motion argued that the Court erred in

concluding that he failed to exhaust the prison grievance process. Plaintiff again submitted copies of his informal complaint forms and correspondence from MCI (this time legible) which he contends show that he exhausted the available administrative remedies. Plaintiff argued that the Court should consider this evidence because Mr. Allen allegedly refused or failed to present it to the Court despite his instructions and urging to do so. After Plaintiff filed his motion to alter or amend judgment, the Court granted Mr. Allen's motion to withdraw as counsel for Plaintiff. Doc. No. 86.

Pursuant to local practice in which pro se matters are referred initially to a magistrate judge, Judge Litkovitz issued a Report and Recommendation on October 9, 2012 recommending that Plaintiff's motion to alter or amend judgment be denied. Judge Litkovitz concluded that Plaintiff failed to demonstrate that he was entitled to relief under Rule 59(e). First, Judge Litkovitz concluded that Plaintiff's legible informal complaint forms and correspondence from MCI did not constitute newly discovered evidence because it was available to Plaintiff before the Court ruled on Defendants' summary judgment motion. Second, Judge Litkovitz determined that this Court had not committed a clear error of law in finding that Plaintiff did not exhaust his administrative remedies before filing suit. Third, and finally, Judge Litkovitz concluded that it was not necessary to alter or amend the judgment to prevent manifest injustice. In that regard, Judge Litkovitz found that the state prison officials had not waived Plaintiff's admitted non-compliance with the procedural time limits for grievances because they did not address Plaintiff's complaints on the merits.

4

Plaintiff's objections to Judge Litkovitz's Report and Recommendation essentially reiterate the arguments in support of his Rule 59(e) motion. Plaintiff accuses Mr. Allen of unprofessional conduct and blames him for not addressing the exhaustion issue appropriately. Plaintiff also argues that he has demonstrated that he exhausted the administrative process to the best of his ability. Plaintiff argues that it would be manifestly unjust under the circumstances for the Court to conclude that he has not exhausted his administrative remedies.

This Court reviews de novo a magistrate judge's report and recommendation on a motion to alter or amend judgment under Rule 59(e). Ervin v. Warden, No. 1:09-CV-028, 2011 WL 799844, at *2 (S.D. Ohio Mar. 2, 2011) (Barrett, J.). A court may grant a motion to alter or amend judgment where there is: 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; and 4) a need to prevent manifest injustice. Schellenberg v. Township of Bingham, 436 Fed. Appx. 587, 598 (6th Cir. 2011). Plaintiff has not demonstrated that he entitled to relief under Rule 59(e).

The Court first notes that there has not been an intervening change in controlling law. Therefore, the third basis for granting relief is not applicable in this case. Plaintiff, cannot establish the other grounds for relief either.

First, Plaintiff has not shown that the Court made a clear error of law <u>at the time it granted Defendants' motion for summary judgment</u> on the grounds of failure to exhaust administrative remedies. Plaintiff cannot dispute that, prior to the Court's ruling on the summary judgment, he did not produce any admissible evidence that rebutted Defendants' affidavit showing that he did not complete the second and third steps of the

5

grievance process. Moreover, Plaintiff cannot dispute that even if the Court had considered his supplemental pro se brief, it did not prove exhaustion of administrative remedies because the documents were completely illegible.

Second, the legible documents Plaintiff now submits to prove exhaustion are not newly discovered evidence. Plaintiff obviously had possession of all of these documents at the time Defendants filed their motion for summary judgment. As discussed next, Mr. Allen's alleged unprofessional conduct in not submitting them to the Court does not constitute manifest injustice.

Third, a "manifest injustice" means a "clear and gross injustice." United States v. Luciano, 329 F.3d 1, 5 (1st Cir. 2003). It also means an error that was "direct, obvious, and observable." In re UBS AG ERISA Litig., No. 08 Civ. 6696(RJS), 2012 WL 1034445, at * 4 (S.D.N.Y. Mar. 23, 2012). Plaintiff's position is that he was initially unable to comply with the deadlines established by the grievance regulations because of his administrative segregation at WCI and then because of the aftereffects of the injuries he sustained in the February 28, 2008 assault. Then, he did everything he could to comply with the deadlines and the prison officials addressed his otherwise untimely complaints on the merits. Therefore, Plaintiff contends that he exhausted the available administrative remedies. Plaintiff's excuses and arguments do not hold up to scrutiny, however.

Regarding the January 19, 2008 assault, the medical records on file show that Plaintiff sustained only minor injuries in this incident. Doc. No. 76-8; Doc. No. 78-1, at 1-3. Plaintiff filed an informal complaint on January 28, 2008 and received a response on January 30, 2008. Doc. No. 76-9. Even according to Plaintiff's evidence he was not in

6

administrative segregation at WCI until March 3, 2008.  Doc. No. 78-1 ¶ 1.  Thus, neither Plaintiff's medical condition nor his institutional situation prevented him from filing a timely appeal to the inspector of institutional services concerning the resolution of his complaint about the January 19, 2008 assault.  Plaintiff simply did not exhaust the available administrative remedies concerning this incident. The documents that Mr. Allen allegedly refused or failed to submit to the Court do not change these facts. Moreover, as Judge Litkovitz accurately found, Plaintiff's newly-submitted evidence does not demonstrate that the state prison officials waived compliance with the procedural deadlines by addressing his admittedly untimely complaints on the merits. The institutional inspector in fact rejected each of the untimely informal complaints Plaintiff filed from MCI on procedural grounds, Doc. No. 78-1, at 16, and, as Judge Litkovitz noted, he never received a response on the merits of his complaints from the Office of Chief Inspector.  Therefore, Defendants' cannot be deemed to have waived compliance with the deadlines set forth in the prison grievance regulations.

Finally, Mr. Allen's alleged failure to submit evidence that was available at the time the Court ruled on the motion for summary judgment cannot be considered a manifest injustice.  Such a conclusion would effectively nullify Rule 59(e)'s requirement that evidence be newly discovered, i.e., not available at the time of the court's ruling despite due diligence on the part of the movant, <u>HDC, LLC v. City of Ann Arbor</u>, 675 F.3d 608, 615 (6th Cir. 2012), since every oversight and omission by counsel in responding to a dispositive motion would justify altering or amending the judgment.  The Sixth Circuit has indicated, however, that attorney error and legal malpractice do not justify granting relief from judgment.  <u>McCurry ex rel. Turner v. Adventist Health</u>

7

Sys./Sunbelt, Inc., 298 F.3d 586, 593 (6th Cir. 2002) (construing Rule 60(b)(1)); see also Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 397 (1993) (holding that parties will "be held accountable for the acts and omissions of their chosen counsel").[1]

Accordingly, for all of the above reasons, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Litkovitz's Report and Recommendation. Plaintiff's motion to alter or amend judgment is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date December 13, 2012                    s/Sandra S. Beckwith
                                          Sandra S. Beckwith
                                          Senior United States District Judge

---

[1] The Sixth Circuit has indicated in two cases that an attorney's gross negligence may justify granting relief from judgment. See Fuller v. Quire, 916 F.2d 358, 361 (6th Cir. 1990); Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assoc., Inc., No. 98-5041, 1999 WL 98590 (6th Cir. Jan. 26, 1999). In both of these cases, however, the movant's attorney essentially abandoned the client's case and allowed a default judgment to be entered against the client. Under those circumstances, the Court found that relief from judgment was justified. Plaintiff's case is distinguishable, however, because Mr. Allen did not abandon Plaintiff's case. Mr. Allen responded to Defendants' motion for summary judgment and made arguments in an attempt to show that Plaintiff had exhausted his administrative remedies, he just did so ineffectually and allegedly without presenting all of the available evidence. In other words, Mr. Allen's response to the motion for summary judgment was at worst routine negligence, not gross negligence.